UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 10-74-JMH

UNITED STATES OF AMERICA                                     PLAINTIFF

v.                                  **OPINION & ORDER**

JEFFREY LYNN MATTOX                                     DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motions of the Defendant, Jeffrey Lynn Mattox, to reduce his sentence in light of *Dorsey v. United States*, 132 S.Ct. 2321, 2326 (2012) and the Fair Sentencing Act of 2010 (the "FSA") [DE #512, 519]. Defendant argues that he should be re-sentenced in order to reap the benefits of the FSA, which increased the amount of cocaine base necessary to trigger certain mandatory minimum sentences associated with offenses involving crack cocaine. In *Dorsey*, the United States Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Id*. at 2335. Thus, the FSA applies to offenders who, like Defendant, committed a crack-cocaine offense before August 3, 2010, the effective date of the FSA, but were not sentenced until after August 2, 2010. *Id*. The United States has filed a response, objecting that, while the FSA lowered Defendant's mandatory minimum sentence, his advisory guideline range remains unchanged because of Defendant's status as a Career Offender [DE #530]. This matter is now ripe for review.

On August 30, 2010, Defendant entered a guilty plea to Counts Two (Conspiracy to Distribute Five Hundred Grams or More of Cocaine Base in violation of 21 U.S.C. § 846 and

841(a)(1)) and Thirty-Five (Distribution of Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1)) of the Original Indictment [DE #7, 215]. Pursuant to 21 U.S.C. § 851, the United States filed notice regarding Defendant's prior felony drug convictions, thereby subjecting him to a statutory mandatory minimum term of imprisonment of 10 years and a maximum term of not more than life, pursuant to 21 U.S.C. § 841(b)(1)(B), on each Count [DE #75]. Under the 2010 edition of the Sentencing Guidelines, Defendant's Base Offense Level was 26. However, Defendant's criminal history reflected at least four prior felony controlled substance offenses, resulting in his classification as a Career Offender within the meaning of U.S.S.G. § 4B1.1. Because Defendant faced an offense statutory maximum of life imprisonment on both Counts, under U.S.S.G. § 4B1.1(b), his Offense Level was 37 rather than the lower level previously calculated. After an adjustment for acceptance of responsibility, Defendant's Total Offense Level was 34. Based on this Total Offense Level and Defendant's criminal history category of VI, the Guideline range for imprisonment was 262 to 327 months. Defendant appeared for sentencing on January 14, 2011 [DE #375]. Defendant was sentenced to a term of 180 months imprisonment on each Count, to run concurrently for a total term of 180 months, to be followed by a 6-year term of supervised release on each Count, to run concurrently for a total term of 6 years [DE #397].

Defendant now argues that, in light of the United States Supreme Court's decision in *Dorsey*, he is entitled to be re-sentenced in order to reap the benefits of the FSA. However, as noted by the Government "[w]hile the statutory penalties for the crack cocaine distribution charge in Count 35 have changed in light of the Fair Sentencing Act and *Dorsey*, the statutory penalties for the 500 gram or more cocaine conspiracy charge in Count 2 have not been impacted." Thus, as argued by the Government, because Defendant admitted to conspiring to distribute 500 grams or more of cocaine,

2

and because of Defendant's criminal history, the statutory penalty for Count 2 remains imprisonment for not less than 10 years and not more than life. Moreover, Defendant overlooks that his sentence was based upon his status as a Career Offender within the meaning of U.S.S.G. §4B1.1, not based on the statutory mandatory minimums amended by the FSA. Even under the reduced statutory penalties of the FSA, while Defendant's statutory *minimum* sentence may have been reduced with respect to Count 35, Defendant's statutory *maximum* sentence remains life imprisonment with respect to Count 2. Thus, under U.S.S.G. § 4B1.1(b)(1), his offense level remains 37. After an adjustment for the acceptance of responsibility, Defendant's total offense level is again 34, his criminal history category is VI and the Guideline range for imprisonment remains 262 to 327 months. Moreover, Defendant's sentence of 180 months imprisonment does not exceed the maximum sentence for his offenses provided by the FSA.

Accordingly, **IT IS ORDERED** that Defendant's motions to reduce his sentence [DE #512, 519] are **DENIED**.

This the 7th day of May, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge